STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, V. JOHN W. WAGSTAFFE III, RESPONDENT.

602 N.W. 2d 665

Filed November 19, 1999.   No. S-98-1107.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MCCORMACK, JJ.

PER CURIAM.

Respondent, John W. Wagstaffe III, was admitted to the practice of law in the State of Nebraska on April 30, 1984.

Pursuant to the application for temporary suspension made by the Chair of the District Two Committee on Inquiry of the Nebraska State Bar Association (NSBA), this court entered an order of temporary suspension on October 21, 1998. On July 12, 1999, the NSBA, relator, filed formal charges against respondent. On August 11, relator filed additional formal charges.

In total, 10 counts were filed against respondent. The substance of the charges includes various acts of neglect, failure to properly maintain client trust accounts, and failure to respond to inquiries of the Counsel for Discipline.

A referee was appointed on September 15, 1999. The hearing of this matter was set for October 28, 1999. On October 27, 1999, respondent filed a voluntary surrender of license to practice law. Therein, respondent admits that certain of the allegations against him are true and constitute violations of Canon 1, DR 1-102(A)(1) and (5); Canon 6, DR 6-101(A)(3); and Canon

7, DR 7-101(A)(2), of the Code of Professional Responsibility, and, therefore, we conclude that respondent violated his oath of office as an attorney.

In particular, respondent admits to: Count VII, involving client Mary Levering, based on his failure to file bankruptcy proceedings after receipt of a fee requiring him to do so; count VIII, involving clients Michael and Kay Bivens, based on his failure to file bankruptcy proceedings after receipt of a fee requiring him to do so; count IV, involving client Mary Jo Rippy, based on his failure to file dissolution proceedings after receipt of a fee requiring him to do so; and counts V and X, based on his failure to file responses to the inquiries of the Counsel for Discipline.

Respondent states that he has freely and voluntarily consented to the entry of an order of disbarment and has waived his right to notice, appearance, or hearing prior to the entry of such order.

This court hereby accepts respondent's surrender of his license to practice law and orders him disbarred from the practice of law in the State of Nebraska, effective immediately. Respondent shall forthwith comply with Neb. Ct. R. of Discipline 16 (rev. 1996), and upon failure to do so, he shall be subject to punishment for contempt of this court.

JUDGMENT OF DISBARMENT.

Miller-Lerman, J., not participating.